Aaron B. Markowitz, Esq. (Cal. SBN 220694)
abm@markowitzlawgroup.com
MARKOWITZ LAW GROUP,
A PROFESSIONAL LEGAL CORPORATION
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 702-7980
Facsimile: (408) 516-9576

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON B. MARKOWITZ and CANDICE L. MARKOWITZ, <br><br> PLAINTIFFS, <br><br> vs. <br><br> UNITED FINANCIAL CASUALTY COMPANY dba PROGRESSIVE INSURANCE and DOES 1 to 10, <br><br> DEFENDANTS. | '22CV331 BEN JLB <br><br> **COMPLAINT FOR DAMAGES** <br><br> <u>JURY TRIAL DEMANDED</u> |

　　　COMES NOW Plaintiffs AARON B. MARKOWITZ, and CANDICE L. MARKOWITZ for causes of action against Defendant UNITED FINANCIAL CASUALTY COMPANY dba PROGRESSIVE INSURANCE; and DOES 1 to 10 (collectively "Defendants").

　　　Plaintiffs are informed and believe, and thereon allege as follows:

///

///

**COMPLAINT FOR DAMAGES** - 1

# INTRODUCTION

1. The instant Action involves claims for breach of an insurance contract as well as breach of the covenant of good faith and fair dealing. Plaintiffs herein allege that Defendants acted in "bad faith" in denying coverage under the Subject Insurance Policy and seek damages including benefits under the Subject Insurance Policy; general and special damages, including pain, suffering and mental and emotional distress; costs of suit; and attorney's fees.

2. This Action is brought before this Court based on diversity jurisdiction (28 USC §1332).

# JURISDICTION AND PARTIES

3. Plaintiffs AARON B. MARKOWITZ and CANDICE L. MARKOWITZ (together "Plaintiffs") are, and at all relevant times were, individuals, and residents of the State of California, County of San Diego.

4. Defendant UNITED FINANCIAL CASUALTY COMPANY dba PROGRESSIVE INSURANCE (hereinafter "PROGRESSIVE") is, and at all relevant times was, a corporation with its primary offices in the State of Ohio and is in the business of selling and underwriting insurance.

5. Plaintiffs do not know the true names of the Defendants sued herein as DOES 1 through 100. Plaintiffs are informed and believe and thereon allege, that each of the Defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to the Plaintiff as herein alleged. Wherever in this complaint any Defendant is the subject of any charging allegation by Plaintiffs, it shall be deemed that said Defendants, DOES 1 through 10, inclusive, and each of them, are likewise the subject of said charging allegation.

///

///

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 USC §1332 for the reason that there is complete diversity of citizenship between Plaintiffs and Defendants and the matter in controversy greatly exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. This Court has personal jurisdiction over the non-resident Defendants because they have done business in the State of California; have entered a contract whose obligations are to be incurred in the State of California; have committed a tort in whole or in part in the State of California; and have continuing contacts with the State of California.

8. In addition, venue of this case is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## COMMON ALLEGATIONS

9. Prior to November 9, 2019, Plaintiffs purchased an insurance policy from PROGRESSIVE, whose terms are contained in the Policy Contract attached hereto as Exhibit "A." The Declarations Page that was in effect on November 9, 2019, is attached hereto as Exhibit "B." Exhibits "A" and "B" together are the Subject Insurance Policy and form the contract between Plaintiffs and PROGRESSIVE.

10. Both Plaintiffs are named insureds under the Subject Insurance Policy; and Plaintiffs have made all premium payments owed to PROGRESSIVE on the Subject Insurance Policy.

11. Pursuant to the terms of the Subject Insurance Policy, Plaintiffs had Underinsured Motorist Bodily Injury Coverage with a combined single limit of $500,000.

COMPLAINT FOR DAMAGES - 3

12. On November 9, 2019, while the Subject Insurance Policy was in effect, Plaintiffs were in a motor vehicle accident where they were rear-ended by another vehicle ("Subject Motor Vehicle Accident"), which was being driven negligently by Keegan Hasbrook, a permissive driver of a vehicle owned by his father Daniel Hasbrook ("Hasbrook vehicle"). During the Subject Motor Vehicle Accident, both Plaintiffs suffered personal bodily injures, as well as other economic and non-economic damages.

13. At the time of the Subject Motor Vehicle Accident, Keegan Hasbrook and the Hasbrook Vehicle were insured by an insurance policy ("Hasbrook Insurance Policy"), the Declarations Page for which is attached hereto as Exhibit "C." According to the Declarations Page for the Hasbrook Insurance Policy, the policy limits to cover Plaintiffs' injuries suffered during the Subject Motor Vehicle Accident were $100,000 per person.

14. As Plaintiff AARON B. MARKOWITZ' damages as a result of the Subject Motor Vehicle Accident, well exceeded the $100,000 policy limit available under the Hasbrook Insurance Policy, Plaintiffs advised PROGRESSIVE that they would have an Underinsured Motorist Bodily Injury Coverage claim to pursue under the Subject Insurance Policy.

15. On July 9, 2020, Plaintiffs filed suit against Daniel and Keegan Hasbrook seeking damages for the Subject Motor Vehicle Accident, which court action was entitled *Markowitz v. Hasbrook*, San Diego Superior Court Case No. 37-2020-00023648 ("Underlying State Court Action"). A true and correct copy of the Complaint for Damages filed in the Underlying State Court Action is attached hereto as Exhibit "D." A copy of the Complaint was forwarded to PROGRESSIVE; and all documents and pleadings relating to the Underlying State Court Action were reasonably made available to PROGRESSIVE for copying.

16. On February 9, 2022, Judgment was entered in the Underlying State Court Action ("Underlying Judgment"), and a true and correct copy of that

Judgment is attached hereto as Exhibit "E." Pursuant to the Underlying Judgment, "Plaintiff AARON B. MARKOWITZ shall recover from Defendant KEEGAN HASBROOK the sum of $500,000 in damages for all claims and causes of action asserted herein for all bodily injuries that he suffered as a result of the motor vehicle accident on November 9, 2019 ("Subject Incident")."

17. Shortly after entry of the Underlying Judgment, the Hasbrook's insurer paid Plaintiff AARON B. MARKOWITZ the full amount of the policy limit on the Hasbrook Insurance Policy, and a true and correct copy of that payment is attached hereto as Exhibit "F."

18. On February 11, 2022, Plaintiffs forwarded copies of the Underlying Judgment, the Declarations Page of the Hasbrook Insurance Policy; and the check paying the policy limits on the Hasbrook Insurance Policy to PROGRESSIVE, with a cover letter demanding payment of the Underinsured Motorist Bodily Injury Coverage benefits owed to Plaintiff AARON B. MARKOWITZ pursuant to the Subject Insurance Policy and attached hereto as Exhibit "G" is a true and correct copy of that letter.

19. On March 4, 2022, Plaintiffs received a letter from PROGRESSIVE refusing to pay Plaintiffs the benefits under on the Motorist Bodily Injury Coverage policy claim, and a true and correct copy of that letter is attached hereto as Exhibit "H."

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Insurance Contract)
### (As Against All Defendants)

20. Plaintiffs incorporate by this reference paragraphs 1 through 19 of this Complaint as if fully set forth herein.

///

///

21. The Subject Insurance policy provides Underinsured Motorist Bodily Injury Coverage as follows:

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of **bodily injury**:
1. sustained by an **insured person**;
2. caused by an accident; and
3. arising out of the ownership, maintenance or use of an **uninsured motor vehicle** or **underinsured motor vehicle**.

Exhibit A, at Policy Page 10.

22. Although The Subject Insurance Policy has certain Exclusions for the Underinsured Motorist Bodily Injury Coverage, no such Exclusions apply under the present circumstances.

23. The Subject Insurance Policy does reduce the $500,000 policy limit for Underinsured Motorist Bodily Injury Coverage "by all sums: (1) paid because of bodily injury by or on behalf of any persons or organizations that may be legally responsible; (2) paid under Part I—Liability To Others; and (3) paid, and the present value of all amounts payable, because of bodily injury under any workers' compensation law." [Exhibit A, at Policy Page 13].

24. Under the present circumstances, there are no reductions to the $500,000 limits for items (2) or (3), but there is a reduction in the limits in the mount of $100,000 for the amounts paid by the Hasbrook's Insurer (see Exhibit "F"), making the applicable limits for Plaintiff AARON B. MARKOWITZ' damages, $400,000.

25. The Subject Insurance Policy also provides, "The damages an insured person is entitled to recover under this Part III(A) shall be reduced by all sums paid or payable under any valid and collectible automobile medical payments insurance available to the insured person including, but not limited to, all sums paid or

COMPLAINT FOR DAMAGES - 6

payable under this policy's Part II—Medical Payments Coverage." To date, Plaintiff AARON B. MARKOWITZ has received $5,000 in Medical Payment Coverage, making the amount owed under the Underinsured Motorist Bodily Injury Coverage, $395,000.

26. As Judgment was entered in the Underlying State Court Action as follows: "Plaintiff AARON MARKOWITZ shall recover from Defendant KEEGAN HASBROOK the sum of $500,000 in damages for all claims and causes of action asserted herein for all bodily injuries that he suffered as a result of the motor vehicle accident on November 9, 2019 ("Subject Incident")", and there are no further reductions or exclusions applicable to the Underinsured Motorist Bodily Injury Coverage, there is $395,000 due and owing under the Subject Insurance Policy.

27. By failing to make payment to Plaintiff AARON B. MARKOWITZ of the $395,000, and in fact refusing to make any such payment, PROGRESSIVE is in breach of the Subject Insurance Policy.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing)**
**(As Against All Defendants)**

28. Plaintiff incorporates by this reference paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. In every insurance policy there exists an implied covenant of good-faith and fair dealing that the insurance company will not do anything to injure the right of the insured to receive the benefits of the policy. PROGRESSIVE breached its duty of good faith and fair dealing owed to Plaintiffs by unreasonably and without proper cause refusing to pay the benefits owed under the Subject Insurance Policy; and by failing to consider Plaintiffs' interests as much as its own in handling the claim.

30. As a direct and proximate result of PROGRESSIVE's breach of the covenant of good-faith and fair dealing, Plaintiffs have suffered damages and will continue to suffer damages. These damages include the withheld benefits of the Subject Insurance Policy; pain, suffering and mental and emotional distress; and other general and special damages.

31. As a further direct and proximate result of the aforementioned unreasonable conduct of PROGRESSIVE, Plaintiffs were compelled to retain legal counsel to obtain the benefits due under the Subject Insurance Policy. PROGRESSIVE is therefore liable to Plaintiffs for those attorney fees, witness fees and costs of litigation reasonably necessary and incurred in order to obtain the Subject Insurance Policy's benefits.

32. In doing the acts complained of herein, Defendants, and their officers, directors, managing agents, and employees, and each of them, and, in authorizing and ratifying the conduct of each of them, acted despicably and with a willful disregard of the rights of Plaintiffs and are liable under the standard of Cal. Civil Code §3294.  Plaintiffs are therefore entitled to exemplary and punitive damages in an amount to be determined at the time of trial.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Benefits under the Subject Insurance Contract in the amount of $395,000;
2. General damages, including pain and suffering and mental and emotional distress according to proof at trial;
3. Special damages according to proof at trial;
4. Attorney fees, witness fees and costs of litigation reasonably necessary and incurred in order to obtain the Subject Insurance Policy's benefits;
5. Costs of suit herein as authorized by law;

6. Punitive and exemplary damages in an amount to deter and make an example of Defendants; and

7. Such additional and further relief which the Court deems just and proper.

## DEMAND FOR JURY

Plaintiffs demand a jury trial on all issues to which they are so entitled.

Dated: March 10, 2022

Respectfully Submitted,

MARKOWITZ LAW GROUP

By: Aaron B. Markowitz, Esq.
Attorney for Plaintiffs
Email: abm@markowitzlawgroup.com