FILED
DEC 19 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON B. MARKOWITZ and CANDICE L. MARKOWITZ, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED FINANCIAL CASUALTY COMPANY doing business as PROGRESSIVE INSURANCE; and DOES 1 to 10; <br><br> Defendants. | Case No.: 3:22-cv-00331-BEN-JLB <br><br> **ORDER DENYING-IN-PART MOTION TO DISMISS** <br><br> [ECF No. 3] |

## I. INTRODUCTION

Plaintiffs Aaron B. Markowitz and Candice L. Markowitz bring this action against Defendant United Financial Casualty Company doing business as Progressive Insurance ("Defendant") for breach of an insurance contract, as well as breach of the covenant of good faith and fair dealing. ECF No. 1. Before the Court is Defendant's Motion to Dismiss. ECF No. 3. The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. *See* ECF No. 6. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES-IN-PART** Defendant's Motion to Dismiss.

## II. BACKGROUND

Plaintiffs alleges a bad faith denial of insurance policy benefits, where injuries were caused by a motor vehicle crash involving an underinsured motorist.

### A. Statement of Facts[1]

Prior to November 9, 2019, Plaintiffs purchased an insurance policy (the "Policy") from Defendant. ECF No. 1 ("Compl.") at 3, ¶ 9. Plaintiffs are both named as insureds under the Policy and "have made all premium payments owed to [Defendant] . . . ." *Id.* at 3, ¶ 10. Pursuant to the terms of the Policy, "Plaintiffs had Underinsured Motorist Bodily Injury Coverage with a combined single limit of $500,000." *Id.* at 3, ¶ 11.

The Policy was in effect on November 9, 2019, when Plaintiffs "were rear-ended by another vehicle . . . driven negligently by Keegan Hasbrook . . . ." *Id.* at 4, ¶ 12. "[B]oth Plaintiffs suffered personal bodily injur[i]es, as well as other economic and non-economic damages." *Id.* Keegan Hasbrook was a permissive driver of the vehicle involved in the crash, which was owned by his father, Daniel Hasbrook. *Id.* Keegan Hasbrook and the subject vehicle were covered by a separate insurance policy (the "Hasbrook Policy"), which purported to cover up to $100,000 per person for the injuries Plaintiffs suffered during the accident. *Id.* at 4, ¶ 13. Plaintiffs allege that Aaron Markowitz's damages "well exceeded the $100,000 [] limit available under the" Hasbrook Policy. *Id.* at 4, ¶ 14. Plaintiffs thus advised Defendant "that they would have an Underinsured Motorist Bodily Injury Coverage claim to pursue under the[ir] . . . Policy." *Id.*

During July 2020 Plaintiffs filed suit against both Daniel and Keegan Hasbrook seeking damages caused by the accident (the "Underlying Litigation").[2] "A copy of the Complaint [in the Underlying Litigation] was forwarded to [Defendant]; and all documents

---

[1] The majority of the facts set forth are taken from the Complaint and for purposes of ruling on Defendant's Motion to Dismiss, the Court assumes the truth of the allegations pled and liberally construes all allegations in favor of the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[2] *See Markowitz v. Hasbrook*, San Diego Superior Court Case No. 37-2020-00023648.

and pleadings relat[ed] there[to] . . . were reasonably made available to [Defendant] for copying." *Id.* at 4, ¶ 15. Judgment was entered in the Underlying Litigation on February 9, 2022 (the "Underlying Judgment"). *Id.* at 4, ¶ 16. The Underlying Judgment allows Aaron Markowitz to recover from Keegan Hasbrook "$500,000 in damages for all claims and causes of action asserted herein for all bodily injuries that he suffered as a result of the motor vehicle accident on November 9, 2019 . . . ." *Id.* at 5, ¶ 16. The Hasbrooks' insurer paid Aaron Markowitz the full amount of the policy limit on the Hasbrook Policy. *Id.* at 5, ¶ 17.

"On February 11, 2022, Plaintiffs forwarded copies of the Underlying Judgment, the Declarations Page of the Hasbrook [] Policy; and the check paying the policy limits on the Hasbrook [] Policy to [Defendant], with a cover letter demanding payment of the Underinsured Motorist Bodily Injury Coverage benefits owed to" Aaron Markowitz under the Policy issued by Defendant. *Id.* at 5, ¶ 18. "On March 4, 2022, Plaintiffs received a letter from [Defendant] refusing to pay Plaintiffs the benefits under on the Motorist Bodily Injury Coverage policy claim . . . ." *Id.* at 5, ¶ 19.

Plaintiffs further allege that no exclusions apply here to prevent coverage and that the only limit to benefits under the Policy is the Hasbrooks' insurer payment of $100,000 and a $5,000 medical payment, reducing the benefits due for Aaron Markowitz to $395,000. *Id.* at 6–7, ¶ 24–26. Plaintiffs allege that Defendant breached the Policy by refusing to make the $395,000 payment. *Id.* at 7, ¶ 27.

### B. Procedural History

On March 10, 2022, Plaintiffs filed the operative Complaint against Defendant, alleging breach of contract and breach of the covenant of good faith and fair dealing. Compl. Defendant responded by filing the instant Motion to Dismiss. ECF No. 3 ("Motion"). Plaintiffs filed an Opposition and Defendant replied. ECF No. 4 ("Oppo."); ECF No. 5 ("Reply").

### III. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), a

complaint may be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek*, 519 F.3d at 1031. However, a court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

Defendant requests that the Court dismiss all claims, because: (1) the entire dispute is subject to arbitration, (2) Plaintiff Candice Markowitz has alleged no injury; and (3) the parties failed to sufficiently plead benefits due under the Policy.

### A. Section 11580.2(f)

Defendant's primary argument centers on California Insurance Code section 11580.2(f), which states that "[t]he policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." There is an equivalent provision in the Policy at issue here. *See* Ex. A to Compl. at 34–35, 49–50. Section 11580.2(f) is governed by the California Arbitration Act, which states:

> On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists . . . .

-4-

3:22-cv-00331-BEN-JLB

CAL. CIV. PROC. CODE § 1281.2; *see also Sekera v. Allstate Ins. Co.*, No. EDCV 141162-JGB-DTBx, 2014 WL 12577163, at *2 (C.D. Cal. Oct. 30, 2014) (citing CAL. CIV. PROC. CODE § 1281.2). However, federal substantive law governs the scope of an arbitration agreement. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000). Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of a contract," 9 U.S.C. § 2. The FAA provides that once a defendant files a motion to compel arbitration, a district court must "hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not" at issue, must "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. The district court's role in ruling on a motion to compel arbitration is "limited to determining (1) whether a valid agreement to arbitrate exists[,] and if it does, (2) whether the agreement encompasses the dispute at issue." *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020). Only if the court answers both questions in the affirmative will the FAA require the Court "to enforce the terms of the arbitration agreement in accordance with its terms." *Id.*

Defendant contends that based on section 11580.2(f), California makes arbitration a threshold requirement for Plaintiffs' claims, and that none of the factual allegations in the Complaint discuss arbitration. Motion at 6. Defendant explains that Plaintiffs are not entitled to damages until arbitration for the breach of contract claim and bad faith claim have been resolved. *Id.* As such, Defendant argues that "Plaintiffs cannot allege they are legally entitled to damages because the issue of whether benefits are due under the [underinsured motorist] policy has not yet been resolved in arbitration." *Id.* at 7. Defendant

further contends that the stipulated judgment in the Underlying Litigation does not override the requirement to arbitrate and even if it did, Defendant is not bound by the Judgment. *Id.* Defendant argues the factual allegations that it is bound by the Judgment are insufficient to survive the instant Motion to Dismiss. *Id.* Defendant requests that the Court dismiss Plaintiffs' Complaint without leave to amend. *Id.*

Plaintiffs "do not dispute that Defendant is entitled to have the question of its obligation to pay the Underlying Judgment arbitrated." Oppo. at 5. However, Plaintiffs argue that Defendant rejected Plaintiffs' offer to stay the instant litigation pending arbitration between the parties as to the enforceability of the Underlying Judgement. *Id.* at 5–6; Ex. 1 to Oppo. Plaintiffs attach an email to their Opposition, in which Defendant rejected Plaintiffs' offer and stated that it would not agree to arbitrate the enforceability of the Underlying Judgment. Oppo. at 6. Plaintiffs further clarify that they are not asking the Court to order arbitration—they are simply willing. However, if Defendant "wishes to waive its right to have this issue arbitrated, Plaintiffs are so agreeable." *Id.* Defendant replies that it does not waive its right to arbitration.[3] Reply at 6.

Plaintiffs further argue that although they are amenable to arbitration, they do not agree with Defendant's argument that Plaintiff cannot state a claim for breach of contract or bad faith until arbitration has concluded. Oppo. at 6. Plaintiffs argue that the conditions in the Policy obligating Defendant to pay the Underlying Judgment have already occurred, including: (1) Plaintiffs have paid their premiums; and (2) Aaron Markowitz—an insured person under the Policy—has damages that he is legally entitled to recover from the

---

[3] Although Defendant refused to arbitrate in the email attached to Plaintiffs' Opposition, Plaintiffs offer to arbitrate was conditioned on the case being stayed. As discussed below, arbitration is mandatory under the Policy and section 11580.2(f), and the issue as to whether the case should be stayed is within the discretion of the Court. In addition, Plaintiffs do not definitively argue that Defendant waived its right to arbitration and seem to present it as more of a question. Accordingly, the Court finds Defendant did not waive its right to arbitrate under the Policy or section 11580.2(f).

operator of an underinsured vehicle. *Id.* at 7. Plaintiffs contend that the cases cited by Defendant are factually distinguishable and primarily involve uninsured motorist claims versus underinsured motorist claims, which are treated differently under the Policy and law. *Id.* Plaintiffs go on to distinguish the many cases cited by Defendant. *See id.* at 10–13. Plaintiffs contend that Defendant's obligation to pay is an issue to be resolved at trial and not proper for determination at the motion to dismiss stage. *Id.* at 13.

Plaintiff is correct that the Policy affords benefits "for damages that an insured person is legally entitled to recover from the . . . operator of an . . . underinsured motor vehicle because of bodily injury," if the insured pays the premiums for coverage. Ex. A to Compl. at 27. Plaintiff is also correct that the exclusion barring coverage for settlements made without Defendant's consent appears to apply only to damages for bodily injury caused by an uninsured person and not an underinsured person. *Id.* at 30. However, "Section 11580.2 is essentially a 'condition precedent' to the recovery of any uninsured motorist benefits." *Carrasco v. State Farm Ins.*, No. 18-cv-06509-BLF, 2019 WL 134568, at *2 (N.D. Cal. Jan. 8, 2019) (citing *United States v. Hartford Acc. & Indem. Co.*, 460 F.2d 17, 19 (9th Cir. 1972); *Blankenship v. Allstate Ins. Co.*, 186 Cal. App. 4th 87, 94 (2010)). While certain subdivisions of section 11580.2 may differ in their application to claims involving uninsured versus underinsured motorists, the arbitration provision of subdivision (f) applies to both.

Here, section 11580.2(f) and the Policy at issue specifically provide for arbitration to resolve disputes concerning the amount of damages sustained by the insured. The Policy's arbitration provision states that if Defendant and Plaintiffs cannot not agree on the legal liability of the underinsured person, or the damages sustained by the insured person, the issues will be resolved through arbitration. *Id.* The parties disagree as to the damages sustained by the insured, Aaron Markowitz. Despite the fact that Aaron Markowitz is legally entitled to the Underlying Judgment from the underinsured Keegan Hasbrook, Defendant disagrees with Plaintiffs regarding the damages amount and whether Defendant is subject to the Underlying Judgment. Because an agreement to arbitrate exists and

encompasses the dispute of liability and damages under the Policy, arbitration is required under both the FAA and CAA. The Court also notes that Plaintiffs are not necessarily opposed to arbitration. Accordingly, the arbitrator must determine the amount of damages, if any, Defendant owes Aaron Markowitz under the Policy, including whether Defendant is subject to the Underlying Judgment. *See Bouton v. USAA Cas. Ins. Co.*, 43 Cal. 4th 1190, 1201–02, 186 P.3d 1, 8 (2008) (holding that whether the insured was bound to a default judgment should, like liability and the amount of damages, be decided by the arbitrator under section 11580.2(f) and the policy at issue).

Defendant also argues that Plaintiffs claims should be dismissed, because without a determination of liability or damages, Plaintiffs cannot state a claim. Contrary to Defendant's argument, the Court has discretion to stay this matter pending the completion of arbitration. *See Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1137 (N.D. Cal. 2009) ("Had Ms. Fanucci initiated the instant lawsuit before the arbitration of her damages claim under the [] [underinsured motorist] policy been completed, this case would have been stayed pending the results of the arbitration."); *Holland v. Westport Ins. Co.*, No. C 04-1238 CW, 2005 WL 8178058, at *3 (N.D. Cal. Feb. 24, 2005) (finding tort claims, including a bad faith claim, premature in light of section 11580.2(f), and exercising discretion to stay those claims pending arbitration or mandamus proceedings).

Plaintiffs' bad faith claim is not governed by the Policy or section 11580.2(f) because, unlike the breach of contract claim, it has nothing to do with liability or damages related to the underlying accident—it involves Defendant's conduct in refusing to pay Aaron Markowitz's alleged damages. However, both the breach of contract claim and the bad faith claim hinge in some respect on arbitration. For example, if the arbitrator determines Aaron Markowitz was fully compensated for his damages and Defendant owes him nothing under the Policy, there will be no breach of contract and no bad faith. However, if the arbitrator determines the damages sustained are in excess of what Aaron Markowitz already received, Defendant must pay that amount to avoid potential liability for breach of contract. And even if Defendant were to pay an amount determined by the

arbitrator, the possibility remains that Defendant, as alleged by Plaintiffs, acted in bad faith by refusing to pay (*i.e.*, disputing) the amount of damages Aaron Markowitz sustained. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 378 (9th Cir. 1997) (holding that California Insurance Code section 11580.2(f) "does not speak to the question of whether an insurance company could be acting in bad faith by insisting on arbitration when there was no reason not to reach agreement."); *Mir v. State Farm Mut. Auto. Ins. Co.*, No. 2:19-cv-03960-SVW-SK, 2019 WL 8355841, at *1 (C.D. Cal. Sept. 19, 2019) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 378 (9th Cir. 1997)) ("California law recognizes a tort claim for breach of the implied covenant of good faith and fair dealing by an insurer in circumstances where the liability of the uninsured motorist is clear and damages plainly exceed the uninsured motorist coverage limits."). Accordingly, to promote judicial economy and efficiency, the Court stays the entire action pending the resolution of arbitration.

### B.  Additional Rule 12(b)(6) Considerations

In the introduction of its Motion, Defendant states that "the Complaint does not even purport to describe how [] [Plaintiff Candice Markowitz] has been injured." Motion at 4. As to the bad faith claim, Plaintiffs counter that the Complaint alleges how they both "suffered damages and will continue to suffer damages," including "the withheld benefits of the Subject Insurance Policy; pain, suffering and mental and emotional distress; and other general and special damages." Oppo. at 14; Compl. at 8, ¶ 30. Defendant's argument is made in passing and provides no supporting argument or citations. As such, the argument is deemed waived for purposes of Defendant's Motion to Dismiss. *See Parrish v. Mabus*, 679 F. App'x 620, 621 (9th Cir. 2017) (citing *Christian Legal Soc. Chapter of the Univ. of Cal. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010)) ("A bare assertion in a brief with no supporting argument, or an argument made only in passing, is insufficient to avoid waiver."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) (per curiam)) ("Judges are not like pigs, hunting for truffles buried in briefs.") (alteration omitted); *cf. Amistad Christiana Church*

*v. Life is Beautiful, LLC*, 692 F. App'x 922, 923 (9th Cir. 2017) (quoting *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 335 (9th Cir. 2017)) ("We do not consider 'matters on appeal that are not specifically and distinctly argued in [the] opening brief, are argued only in passing, or that constitute bare assertions without supporting argument.'").

As to the breach of contract claim, despite Defendant's conclusory argument, Plaintiffs pose no challenge whatsoever. Because there are no allegations indicating that Candice Markowitz is owed damages under the Policy as a result of the underlying accident, for purposes of the breach of contract claim, Plaintiffs likewise waive any argument to the contrary. As such, to the extent Candice Markowitz attempts to state a claim for breach of contract, her claim is dismissed.

Finally, Defendant argues Plaintiffs fail to plead that benefits were due under the Policy. Motion at 6. The Court disagrees and finds the Complaint sufficiently states Policy benefits were due. The allegations include that the Policy provides $500,000 in coverage for bodily injury caused by an uninsured motorist. Compl. at 3, ¶ 11. The Complaint further states that pursuant to the Policy and the Underlying Judgment, Aaron Markowitz is entitled to $395,000 from Defendant. *Id.* at 6–7, ¶¶ 21–27. Accordingly, Plaintiffs sufficiently stated that benefits are due under the Policy for purposes of Rule 12(b)(6).

### V. CONCLUSION

For the reasons set forth above, the Court **DENIES-IN-PART** Defendant's Motion to Dismiss as follows:

1. The parties are ordered to arbitrate their dispute as to whether and what amount of damages are owed to Plaintiff Aaron Markowitz.

2. This case is stayed pending the outcome of arbitration.

3. No later than **120 days from the date of this order**, the parties must file a Joint Status Report updating the Court on the status of arbitration

4. The parties must also file a Joint Status Report **within ten (10) days** of the arbitrator's decision as to liability and damages.

5. To the extent Plaintiff Candice Markowitz attempts to state a claim for breach

of contract, her claim is dismissed. However, Defendant waived any argument that Candice Markowitz failed to state a claim for breach of the implied covenant of good faith and fair dealing.

**IT IS SO ORDERED.**

DATED: December 19, 2022

HON. ROGER T. BENITEZ
United States District Judge